[Crim. No. 4266.   First Dist., Div. Three.   July 1, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT JOINER, Defendant and Appellant.

Richard A. Callejo, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

DRAPER, P.J.—A jury found defendant guilty of kidnapping for purposes of robbery, in which the victim suffered bodily harm (Pen. Code, § 209), robbery (§ 211), rape (§ 261), two counts of sex perversion (§ 288a), assault with a deadly weapon (§ 245), and assault with a deadly weapon upon a police officer (§ 245, subd. (b)), and fixed life imprisonment without possibility of parole as the kidnapping penalty. Defendant appeals from the judgment, arguing only the kidnapping conviction.

■ The victim was a clerk in a liquor store. Only she and John Washington were present when defendant entered late at night. He ordered wine and offered a bill in payment. As she opened the cash register, defendant, holding his hand in his coat pocket as though he had a gun, said: "This is a holdup, give me all the money." Given the contents of the cash register, he told the clerk to give him bottles of whiskey. As she procured them, he took from beneath the counter a loaded revolver, pointed it at the clerk and told her to go to the back room and undress. As he forced her to that room, Washington ran from the store. Defendant, holding the gun at the clerk's back, forced her to walk to a school half a block away. There he committed the three sex offenses. After first offering to let the victim go he said, "No, I know you will call the police . . . I might as well kill you." He placed the gun against her head, but she pushed him an instant before the gun fired. He fell and she fled. Police, called by Washington, arrived and flushed defendant from bushes in the school yard. He fired at one police officer, continued his flight, was shot and captured.

Defendant argues that since the robbery was complete when he took the money, the only inference to be drawn is that the kidnapping of the female clerk was motivated solely by lust, and was unconnected with the robbery. This inference could be drawn. But the jury could also infer that he removed the clerk in fear that the escaped Washington would call the police to the store. In that view, the transportation of the victim was to effect the robber's escape, and thus was kidnapping for the purpose of robbery within section 209 (*People* v. *Monk*, 56 Cal.2d 288, 295 [14 Cal.Rptr. 633, 363 P.2d 865]; *People* v. *Kristy*, 4 Cal.2d 504, 507 [50 P.2d 798]). The question was one of fact for the jury (*People* v. *Chessman*, 38 Cal.2d 166, 186 [238 P.2d 1001]).

■ Defendant attacks one instruction offered by the prosecution. It deals only with the extent of the movement required to constitute kidnapping. Defendant complains that it fails to

explain the requirement of a specific intent that the kidnapping be for the purpose of robbery. But two instructions, proposed by defendant and given, do adequately emphasize the requirement of specific intent. Viewed in their entirety, the instructions are immune to this attack.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.